MFD/ USAO 2018R00285

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2018 JUL 31  PH 1:11
CLERK'S OFFICE
AT BALTIMORE
BY ____ DEPUTY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO.  PX 18cr407 |
| v. | * | (Mail Fraud, 18 U.S.C. § 1341; |
| | * | Theft of Government Property, |
| CRYSTAL MEBANE MCGINTY, | * | 18 U.S.C. § 641; Aggravated Identity |
| | * | Theft, 18 U.S.C. § 1028A; Aiding and |
| Defendant. | * | Abetting, 18 U.S.C. § 2; Forfeiture |
| | * | Allegations) |
| | * | |

******

## INDICTMENT

### COUNT ONE

The Grand Jury for the District of Maryland charges that:

### Introduction

At all times relevant:

1. The Teachers' Retirement System of the City of New York ("TRSCNY") was an entity of the State of New York that provided New York City educators with retirement, disability and death benefits, including a monthly pension for retirees.

2. The Social Security Administration ("SSA") was an agency of the United States within the United States Government that administered programs under the Social Security Act, Title 42, United States Code, Section 301, et seq. These programs included Social Security Retirement Insurance Benefits ("RIB"). To have been monthly RIB payments, persons must first have worked for a sufficient period of time in jobs in which they paid Social Security taxes and be at least 62 years of age.

3. D.M. was a resident of Maryland. D.M. retired as a teacher from the New York City Department of Education in September 1972, and began receiving monthly pension payments

1

from TRSCNY. D.M began receiving SSA RIB payments on or about December 1989. D.M. died of natural causes on or about June 17, 2005.

4. Defendant **CRYSTAL MEBANE MCGINTY ("MCGINTY")**, was a resident of Maryland, a practicing physician, and the daughter of D.M. **MCGINTY** was named as the informant on D.M.'s death certificate but did not notify TRSCNY or SSA of D.M.'s death.

5. **MCGINTY** engaged in a scheme and artifice to defraud TRSCNY and to convert SSA RIB to her own use in an amount totaling over $517,000.

## The Scheme and Artifice to Defraud

6. Beginning in or about June 2005 and continuing through in or about June 2018, in the District of Maryland and elsewhere, the defendant,

**CRYSTAL MEBANE MCGINTY**

knowingly and willfully devised and intended to devise a scheme and artifice to defraud TRSCNY and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises ("the scheme to defraud").

7. It was part of the scheme and artifice to defraud that **MCGINTY** failed to notify TRSCNY or SSA that D.M. died.

8. It was further part of the scheme and artifice to defraud that **MCGINTY** maintained a bank account that was titled to D.M., D.M.'s husband, and **MCGINTY,** so that she could deposit TRSCNY pension checks in D.M.'s name, bearing D.M.'s signature she knew to be forged, and so that SSA would continue to deposit her deceased mother's RIB payments into the account.

9. It was further part of the scheme and artifice to defraud that **MCGINTY** signed and submitted to TRSCNY several "proof of life" forms between approximately 2012 and 2016, containing her own signature, as well as D.M.'s forged signature. TRSCNY would have ceased

pension payments had **MCGINTY** not submitted these forms.

10. It was further part of the scheme and artifice to defraud that on or about May 31, 2016, **MCGINTY** posed as her deceased mother, D.M., by calling TRSCNY, identifying herself as D.M., and providing D.M.'s date of birth and partial social security number for identification purposes in an effort to get pension payments reinstated.

11. It was further part of the scheme and artifice to defraud that **MCGINTY** received TRSCNY pension benefits payable to D.M. at 11106 Luttrell Lane, Silver Spring, Maryland 20902 and then cashed or deposited the checks into the joint bank account in the name of **MCGINTY,** D.M. and D.M.'s deceased husband.

12. It was further part of the scheme and artifice to defraud that **MCGINTY** routinely withdrew the funds from the bank account shortly after they were deposited, by direct debit, cash withdrawals, debit card transactions, checks, and transfers to family members.

13. It was further part of the scheme and artifice to defraud that **MCGINTY** spent TRSCNY and SSA benefits funds on personal items such as tuition for a private liberal arts college, airfare to the island of Saint Thomas, and a cruise vacation.

14. It was part of the scheme and artifice to defraud that when asked by law enforcement agents whether her mother was alive, **MCGINTY** responded in sum or substance, "Why wouldn't she be? As far as I know she is" when, in fact, **MCGINTY** knew her mother had died in 2005.

## The Charge

15. Beginning in or about June 2005 and continuing through in or about June 2018, in the District of Maryland, the defendant,

**CRYSTAL MEBANE MCGINTY,**

for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud and deprive, the defendant knowingly caused to be delivered by mail according to the direction thereon mail matter; to wit: TRSCNY pension checks payable to D.M. and mailed to D.M. at 11106 Luttrell Lane, Silver Spring, Maryland 20902.

18 U.S.C. § 1341
18 U.S.C. § 2

## COUNT TWO
(Theft of Government Property)

The Grand Jury for the District of Maryland further charges that:

1. The allegations of Paragraphs 1 through 11 of Count One are incorporated here.

2. Between in or about June 2005 and in or about December 2016, in the District of Maryland, the defendant,

**CRYSTAL MEBANE MCGINTY,**

did embezzle, steal, purloin, and knowingly convert to her use and the use of another, money of the United States, whose value exceeded $1,000, namely Social Security Retirement Insurance Benefits payments, to which she was not entitled.

18 U.S.C. § 641
18 U.S.C. § 2

## COUNT THREE
(Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1. The allegations of Paragraphs 1 through 11 of Count One are incorporated here.

2. Between in or about June 2005 and in or about June 2018, in the District of Maryland, the defendant,

**CRYSTAL MEBANE MCGINTY**

did knowingly use, without lawful authority, a means of identification of another person during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit: Mail Fraud in violation of 18 U.S.C. § 1341, as charged in Count One of this Indictment, knowing that the means of identification belonged to another actual person.

18 U.S.C. §1028A(a)(1).

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. As a result of the offense set forth in Counts One and Two of the Indictment, the defendant,

**CRYSTAL MEBANE MCGINTY,**

shall forfeit to the United States any and all property constituting, or derived from, proceeds obtained directly or indirectly as a result of any such violation.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the Defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or,

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the Defendant up to the value of the forfeitable property, that is, $517,000.

18 U.S.C. § 981(a)(1)(C)
28 U.S.C. § 2461(c)

Robert K. Hur
United States Attorney

A TRUE BILL:

SIGNATURE REDACTED

Foreperson
Date: July 31, 2018

7